# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | 2:03-cr-00010-LRH-PAL |
| vs. ) | **ORDER** |
| JOSEPH COPPOLA, ) | (M/Documents - #182) |
| Defendant. ) | |

Before the court is the defendant's Request for Documents with a "Filed Stamp" (#182), filed January 8, 2007. Defendant sent the motion *pro se*.

The Ninth Circuit Court of Appeal affirmed the defendant's sentence and conviction on December 13, 2006. (See Opinion, #178 and Judgment, #179.) The defendant requests that the Clerk of the Court send him copies of several documents from his criminal case file, as well as copies of the transcripts from case no. 2:04-cr-00277-KJD-RJJ in which he was also a defendant. The defendant explains that he wants these documents to "do a 2255." Coppola filed an identical motion in case no. 2:04-cr-00277-KJD-RJJ as docket #76. That motion is still pending.

As a one time courtesy, on July 18, 2006, the Clerk of the Court attempted to send the defendant a copy of the docket sheet in his case, and included an explanation that documents are normally provided at a charge of 50 cents per page. (See Docket #175.) The letter was returned as undeliverable from the correctional facility in Adelanto, California with a note indicating that the defendant had been transferred. (Id.) In a letter (#181) dated January 11, 2007, the Clerk of the Court explained that it could not provide free copies of transcripts and other documents without a court order from a judge. The Clerk of the Court explained that he was referring the defendant's request to the magistrate judges assigned to the cases referenced in the request.

1     Under certain circumstances, indigent criminal defendants have a constitutional or statutory
2 right to copies of transcripts and/or other documents.  See e.g. Douglas v. California, 372 U.S. 353
3 (1963).  In the instant case, the defendant was convicted and had his conviction and sentence upheld on
4 appeal.  He has indicated that he wishes to file a motion under 28 U.S.C. § 2255 attacking the
5 sentencing in his case.  The defendant also indicates that he has "earned no money in the last 3 years
6 and have been incarcerated during that entire time."
7     Title 28, U.S.C. § 753(f) provides in relevant part that:
8         Fees for transcripts furnished in proceedings brought under section 2255
9         of this title to persons permitted to sue or appeal in forma pauperis shall
10        be paid by the United States out of money appropriated for that purpose if
11        the trial judge or a circuit judge certifies that the suit or appeal is not
12        frivolous and that the transcript is needed to decide the issue presented by
13        the suit or appeal.
14 The Second Circuit has held, however, that "a motion for a free transcript pursuant to § 753(f) is not
15 ripe until a § 2255 motion has been filed."  U.S. v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998).  A
16 court's failure to grant an indigent federal prisoner the unconditional right to obtain trial transcripts for
17 purposes of a § 2255 proceeding do not violate the prisoner's due process or equal protection rights.
18 U.S. v. MacCollom, 426 U.S. 317, 323-326 (1976).
19     The defendant has not yet filed his § 2255 motion or requested *in forma pauperis* status.
20 Therefore, he has not met the requirements of § 753(f), and his motion will be denied.  Although the
21 defendant indicates that he has not earned any money during the past three years of his incarceration, he
22 has not formally moved for *in forma pauperis* status that would entitle him to free transcripts under
23 § 753(f) upon the filing of a § 2255 motion.  Local Special Rule 4-1 requires individuals filing § 2255
24 motions *pro se* to use the court's form, the instructions to which explain in paragraph 7 that
25 / / /
26 / / /
27 / / /
28 / / /

if you do not have the necessary funds for transcripts . . . you may request permission to proceed in forma pauperis. T[o] do this you must execute the attached motion and declaration setting forth information regarding your inability to pay costs and fees. You must also have an authorized officer of the penal institution complete the certificate indicating the amount of money or securities on deposit to your credit in any account in the institutions.

While the defendant's request is premature because he has not filed his § 2255 motion or requested *in forma pauperis* status, the court will deny his motion without prejudice to allow him to re-file the motion should he satisfy the requirements § 753(f).

Having reviewed and considered the matter,

**IT IS ORDERED**

    1. Defendant's Request for Documents with a "Filed Stamp" (#182) is DENIED without prejudice.

    2. The Clerk of the Court shall send the defendant an Application to Proceed *In Forma Pauperis* for incarcerated persons.

Dated this 18th day of January, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE