UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 02:03-CR-00010-LRH-PAL |
| v. | |
| JOSEPH COPPOLA, | ORDER |
| Defendant. | |

Presently before the court is Joseph Coppola's ("Coppola") Motion to Defer Restitution (# 189[1]). The United States has filed an opposition (# 190), and Coppola replied (# 191).

Coppola is currently serving a sentence of one hundred and eighty-eight months after being found guilty on two counts of bank robbery in violation of 18 U.S.C. § 2113(a). As part of the Judgment (# 152), Coppola was ordered to pay $4,547.95 in restitution. Coppola now asks this court to defer the payment of restitution until the period of supervised release begins. Alternatively, Coppola asks the court to set the restitution payment schedule at $100 every three months. Coppola indicates that the money he earns at the prison is needed to purchase his monthly hygiene items, pay for his phone account, and to help support his common law wife. The United States opposes the motion arguing that this court does not have jurisdiction to decide the motion.

---

[1] Refers to the court's docket number.

1  Alternatively, the United States argues that the motion should be denied due to Coppola's failure to
2  object to the initial restitution calculation.
3       An order of restitution is issued and enforced in accordance with 18 U.S.C. § 3664.  Section
4  3664(f)(2) provides, "Upon determination of the amount of restitution owed to each victim, the
5  court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the
6  schedule according to which, the restitution is to be paid."  18 U.S.C. § 3664(f)(2).  Section
7  3572(d) provides that a "person sentenced to pay a fine or other monetary penalty, including
8  restitution, shall make such payment immediately, unless, in the interest of justice, the court
9  provides for payment on a date certain or in installments."  18 U.S.C. § 3572(d).  Pursuant to §
10 3664(k), upon receiving notice of a change in a defendant's economic circumstances that might
11 effect the defendant's ability to pay restitution, the court may, upon its own motion, or upon motion
12 of any party, adjust the payment schedule, or require immediate payment in full, as the interests of
13 justice require.  18 U.S.C. § 3664(k).
14      Coppola informed the court that his pay for his first month working at the prison was
15 approximately $80.  Coppola has also indicated that the prison will soon begin deducting fifty
16 percent of his pay to fulfill his restitution obligation.
17      The court finds that an adjustment to Coppola's restitution payment schedule is not
18 warranted.  Assuming Coppola continues to earn $80 a month, he will retain $40 a month after fifty
19 percent is deducted for restitution.  Coppola has failed to demonstrate that $40 a month is
20 insufficient to meet his needs.
21 ///
22 ///
23 ///
24 ///
25 ///
26

2

IT IS THEREFORE ORDERED that Coppola's Motion to Defer Restitution (# 189) is hereby DENIED.

IT IS SO ORDERED.

DATED this 5th day of September, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE