UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:03-cr-0010-LRH-PAL |
| v. | |
| JOSEPH COPPOLA, | ORDER |
| Defendant. | |

Before the court is defendant Joseph Coppola's ("Coppola") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #194.[1] The United States filed an opposition. Doc. #229.

## I.  Facts and Procedural History

On January 7, 2003, Coppola was indicted on two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Doc. #1. Coppola proceeded to trial and was convicted by a jury on both counts. Doc. #105. He was subsequently sentenced to one hundred eighty-eight months (188) incarceration. Doc. #152. Coppola appealed and the Ninth Circuit denied Coppola's claims and affirmed his conviction and sentence. Doc. #178. Thereafter, Coppola filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #194.

---

[1] Refers to the court's docket number.

**II.     Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

In his motion for relief under § 2255, Coppola presents thirteen separate grounds for relief: (1) illegal arrest and false imprisonment; (2) lack of subject matter jurisdiction; (3) violation of the Speedy Trial Act; (4) ineffective assistance of pre-trial counsel; (5) prosecutorial misconduct; (6) judicial bias; (7) impermissible photographic evidence; (8) ineffective assistance of sentencing counsel; (9) ineffective assistance of appellate counsel; (10) illegal search and seizure; (11) wrongful use of prior convictions evidence; (12) Due Process violation; and (13) a sentencing challenge. Doc. #194.

However, in his memorandum of points and authorities, Coppola only provides legal and factual support for nine of his thirteen grounds for relief: (1) illegal arrest and false imprisonment; (2) lack of subject matter jurisdiction; (3) violation of Speedy Trial act; (4) ineffective assistance of pre-trial counsel; (5) prosecutorial misconduct; (7) impermissible photographic evidence; (10) illegal search and seizure; (11) wrongful use of prior convictions evidence; and (13) the sentencing challenge. Doc. #219. He fails to provide any legal or factual support for his claims for judicial bias, ineffective assistance of sentencing counsel, ineffective assistance of appellant counsel, and Due Process. *Id*. Therefore, the court shall deny his sixth, eighth, ninth, and twelfth grounds for lack of factual and evidentiary support.

Coppola's nine remaining grounds for relief fall into four separate categories. First, Coppola re-raises several arguments which he raised on direct appeal. Second, Coppola raises

2

several arguments which he could have, but failed to raise on direct appeal. Third, Coppola challenges the court's subject matter jurisdiction. Finally, Coppola argues that his pre-trial counsel was constitutionally ineffective. The court shall address each category below.

**A.  Issues Raised on Direct Appeal**

Coppola has re-raised several challenges to his conviction and sentence which were raised on direct appeal and rejected by the Ninth Circuit including: violation of the Speedy Trial Act (ground three); prosecutorial misconduct (ground five); impermissible photographic evidence (ground seven); illegal search and seizure (ground ten); wrongful use of prior convictions evidence (ground eleven); and his sentencing challenge (ground thirteen). Doc. #178.

Generally, "[s]ection 2255 may not be invoked to relitigate questions which were or should have been raised on direct appeal from the judgment of conviction. *Hammond v. United States*, 408 F.2d 481, 483 (9th Cir. 1969) (internal citations omitted). Because Coppola raised these issues on direct appeal, he is barred from raising them on collateral review. *United States v. Davis*, 417 U.S. 333, 342 (1974).

**B.  Issues Not Raised on Direct Appeal**

Coppola now raises for the first time that he was subjected to an illegal arrest and false imprisonment prior to his indictment (ground one). *See* Doc. #194. Claims not raised on direct appeal are waived on collateral review if they could have been raised at the time of the appeal. *See Hammond,* 408 F.2d at 483; *see also, Massaro v. United States*, 538 U.S. 500, 504 (2003) ("claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). Because Coppola failed to raise these issues on direct appeal and has failed to establish why this ground could not have been raised at that time, he has waived his right to challenge his conviction in this regard. *See United States v. Quintero-Barraza*, 78 F.3d 1344, 1351 (9th Cir. 1995).

///

### C. Lack of Subject Matter Jurisdiction

Coppola challenges the court's subject matter jurisdiction in this action arguing that he is a sovereign entity, and as such, could not have been tried for the underlying crimes because he invoked his right to sovereign immunity from prosecution. *See* Doc. #219.

The court finds that Coppola's argument is without merit. First, there is no legal authority to support his argument that as an individual he is entitled to sovereign immunity from prosecution for violating the laws of the United States. Second, pursuant to 18 U.S.C. § 3231, this court has jurisdiction to try individuals for crimes in violation of 18 U.S.C. § 2133(a), the statute under which Coppola was charged. Accordingly, the court finds that it had subject matter jurisdiction in this action and shall deny Coppola's requested relief.

### D. Ineffective Assistance of Counsel

The final ground of Coppola's motion alleges ineffective assistance of his pre-trial counsel because counsel failed to file various pre-trial motions including a notice of alibi. *See* Doc. #219.

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

4

1    After reviewing the documents and pleadings on file in this matter, the court finds that
2    Coppola has failed to establish that his pre-trial counsel's performance was ineffective. As to
3    Coppola's claim that pre-trial counsel did not fully investigate his alibi and file a notice of alibi to
4    the court, the court notes that Coppola's alibi witness recanted her testimony when confronted with
5    evidence that she was working at the time she claimed she was with Coppola. As such, counsel's
6    performance was not deficient in failing to file a notice of alibi when there was no corroborating
7    witness testimony. Furthermore, the Ninth Circuit found that there was overwhelming evidence
8    that Coppola committed the charged robberies and that it was harmless error for pre-trial counsel to
9    fail to file Coppola's requested evidentiary motions. *See* Doc. #178. Therefore, based upon the
10   record before the court, the court finds that Coppola's pre-trial counsel was not ineffective.
11   Accordingly, the court shall deny Coppola's motion for 28 U.S.C. § 2255 relief.
12
13   IT IS THEREFORE ORDERED that defendant's motion to vacate or correct sentence
14   pursuant to 28 U.S.C. § 2255 (Doc. #194) is DENIED.
15   IT IS FURTHER ORDERED that defendants's motion for an extension of time to file a
16   28 U.S.C. § 2255 motion (Doc. #193) is GRANTED nunc pro tunc.
17   IT IS FURTHER ORDERED that defendant's motion to stay proceedings until filing of a
18   memorandum in support of his 28 U.S.C. § 2255 motion (Doc. #202) is DENIED as moot.
19   IT IS FURTHER ORDERED that defendant's motion for an order regarding his motion to
20   stay proceedings (Doc. #211) is DENIED as moot.
21   IT IS FURTHER ORDERED that defendant's motion for an order to show cause
22   (Doc. #223) is DENIED as moot.
23   IT IS FURTHER ORDERED that defendant's motion for an hearing on his
24   28 U.S.C. § 2255 motion (Doc. #232) is DENIED.
25   IT IS FURTHER ORDERED that defendant's motion for summary judgment on his
26

1  28 U.S.C. § 2255 motion (Doc. #233) is DENIED.

2      IT IS FURTHER ORDERED that defendant's motion for judgment on the merits of his

3  28 U.S.C. § 2255 motion (Doc. #234) is DENIED.

4      IT IS SO ORDERED.

5      DATED this 15th day of December, 2010.

                                                      LARRY R. HICKS  
                                                      UNITED STATES DISTRICT JUDGE