UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | 2:03-cr-0010-LRH-PAL |
| v. ) | |
| JOSEPH COPPOLA, ) | ORDER |
| Defendant. ) | |

Before the court is defendant Joseph Coppola's ("Coppola") motion for a certificate of appealability for his appeal of the court's order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #239[1]). Doc. #247.

On January 7, 2003, Coppola was indicted on two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Doc. #1. Coppola proceeded to trial and was convicted by a jury on both counts. Doc. #105. He was subsequently sentenced to one hundred eighty-eight (188) months incarceration. Doc. #152. Coppola appealed and the Ninth Circuit denied Coppola's claims and affirmed his conviction and sentence. Doc. #178.

On November 26, 2007, Coppola filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #194. On December 15, 2010, the court denied Coppola's motion. Doc. #239. Thereafter, Coppola filed the present motion for a certificate of appealability. Doc. #247.

---

[1] Refers to the court's docket number.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B).

Here, the court finds that Coppola has not shown a denial of a constitutional right in his § 2255 motion. In the court's order denying his § 2255 motion, the court noted that Coppola had failed to raise any meritorious challenge to his conviction and sentence because he received a sentence within the contemplated guideline range. Further, the court noted that several of Coppola's challenges raised in his § 2255 motion were raised on appeal, and thus, are precluded from collateral review. *United States v. Davis*, 417 U.S. 333, 342 (1974). Moreover, Coppola fails to proffer any legal authority to support his argument that as an individual he is entitled to sovereign immunity from prosecution for violating the laws of the United States. Thus, the court finds that Coppola has failed to demonstrate that reasonable jurists would find the court's assessment of his claims debatable or wrong. *See Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). Therefore, the court shall deny Coppola a certificate of appealability on his motion to vacate sentence pursuant to 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED that defendant's motion for a certificate of appealability (Doc. #247) is DENIED.

IT IS FURTHER ORDERED that defendant's motion to proceed in forma pauperis (Doc. #248); renewed motion for a certificate of appealability (Doc. #250); and motion for leave to amend motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. #251) are DENIED.

IT IS SO ORDERED.

DATED this 13th day of August, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE