UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH COPPOLA,<br><br>Defendant. | Case No. 2:03-cr-00010-LRH-PAL<br><br>MINUTE ORDER<br><br>APRIL 24, 2023 |

PRESENT: <u>THE HONORABLE LARRY R. HICKS</u>, UNITED STATES DISTRICT JUDGE
DEPUTY CLERK: <u>NONE APPEARING</u>        REPORTER: <u>NONE APPEARING</u>
COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>
COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Defendant Joseph Coppola ("Coppola") has filed an *ex parte* motion to correct a sentence (ECF No. 381) and also a sealed duplicate copy (ECF No. 382). For the reasons articulated here, the Court denies the motion.

On March 29, 2004, Coppola was convicted by jury of two counts of bank robbery (ECF No. 105) and was sentenced to 188 months in prison followed by 36 months of supervised release. On January 18, 2018, Coppola commenced his term of supervision. On January 26, 2021, Coppola's probation officer petitioned this Court for a warrant, recommending that Coppola's term of supervision be revoked because he violated the following conditions of his supervision: (1) do not commit another crime, (2) do not leave the district, (3) report any law enforcement contact, (4) do not possess any weapons, and (5) do not gamble (ECF No. 340). The warrant was issued (ECF No. 341) and an initial appearance regarding Coppola's revocation was held on August 22, 2022, which was then continued to August 29, 2022. Coppola was remanded to custody pending his revocation hearing. Coppola was appointed counsel (ECF No. 349) and after six stipulations to continue, waived his preliminary hearing. Coppola's revocation hearing was held on April 11, 2023, where he was sentenced to 10 months to be served with no supervised release to follow.

Coppola moves this Court to correct his sentence, "as the sentence imposed was already surpassed in Pre-revocation custody that is required by the above statute to be credited as a 'time served' sentence." (ECF No. 381, 3:23-25). However, "[a]fter a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ('A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration

of the term imposed')." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Thus, questions concerning the execution of a sentence should be presented to the Bureau of Prisons.

      IT IS THEREFORE ORDERED that Coppola's *ex parte* motion to correct a sentence is **DENIED**.

      IT IS FURTHER ORDERED that the *ex parte* motion (ECF No. 381) and the sealed duplicate copy (ECF No. 382) shall be **UNSEALED**.

      IT IS FURTHER ORDERED that this Order shall be **UNSEALED**.

      IT IS SO ORDERED.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE