UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH COPPOLA<br><br>Defendant. | Case No. 2:03-cr-00010-LRH-PAL-1<br><br>ORDER |

Defendant Joseph Coppola (Coppola) filed an unopposed motion to correct/amend judgment requesting the Court "to amend the Judgment to include the term that it 'run concurrent with the sentence in case 2:99-cr-00217-APG-LRL, each to run concurrent together with the other.'" ECF No. 394, 3:2-3. Shortly thereafter, Coppola filed a supplement to his motion informing the Court that the Bureau of Prisons (BOP) "has recalculated [Coppola's] sentence a second time and is now asserting that the two sentences (yours and Judge Gordon's) must be served consecutively, contrary to the explicit Judgment in Judge Gordon's case." ECF No. 395, 2:4-7.

Coppola was on supervised release in two cases in this District; the first case is before Judge Larry R. Hicks (Case No. 2:03-cr-00010-LRH-PAL-1) and the second case is before Judge Andrew P. Gordon (Case No. 2:99-cr-00217-APG-LRL-2). In the instant case, this Court held a revocation hearing on April 11, 2023, where Coppola admitted to paragraphs 1A, 1B, 2, 3, and 5 of Petition ECF No. 341. The Court sentenced him to "Ten (10) months to be served consecutively to the Defendant's Case No. FV121000516 in the Superior Court of California, County of San Bernardino, with no supervised release to follow." ECF No. 380, 2. In Coppola's other case, Judge

Gordon held a revocation hearing on August 17, 2023, where Coppola admitted to paragraphs 1, 2, 3, and 5 of Petition ECF No. 152 . Judge Gordon sentenced Coppola to "18 months custody, concurrent to the sentence in case 2:03-cr-00010-LRH-PAL-1." ECF No. 195, 2.

At the time this Court sentenced Coppola in the instant case, Judge Gordon had not sentenced the defendant in his other case. Thus, the Court was correct in not including language of Coppola's sentence to run concurrent to his sentence being considered by Judge Gordon. In other words, there was not a sentence to run concurrent to at the time of Coppola's revocation sentencing in the instant case. Indeed, it was not a matter this Court needed to decide, it was a matter to be decided by Judge Gordon and ultimately has been decided by Judge Gordon. *See* Judgment on Revocation of Supervised Release, ECF No. 195 at 2 ("18 months custody, **concurrent** to the sentence in case 2:03-cr-00010-LRH-PAL-1").

As to the calculation of Coppola's release date, this authority lies with the Bureau of Prisons. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ('A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed')." *United States v. Wilson,* 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992).

IT IS HEREBY ORDERED that Defendant's unopposed motion to correct/amend judgment (ECF No. 394) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of September, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE